Torkin v Susac (2025 NY Slip Op 01836)

Torkin v Susac

2025 NY Slip Op 01836

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-03811
 (Index No. 70488/17)

[*1]Michael Torkin, respondent,
v
Heather Susac, appellant.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Aaron Zucker of counsel), for appellant.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated March 28, 2022. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's motion which was pursuant to Domestic Relations Law § 237(a) for a final award of counsel fees only to the extent of awarding the defendant an additional $272,000 in counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action for a divorce and ancillary relief on December 13, 2017. An amended judgment of divorce dated December 23, 2021, was entered. The amended judgment of divorce determined all issues not stipulated by the parties other than counsel and expert fees and litigation costs. After a hearing on the parties' claims for counsel and expert fees, the Supreme Court, inter alia, granted that branch of the defendant's motion which was pursuant to Domestic Relations Law § 237(a) for a final award of counsel fees only to the extent of awarding her an additional $272,000 in counsel fees. The defendant appeals.
By statute, there is "a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (id.). "While the statute creates a presumption that counsel fees are to be awarded to the less affluent spouse, it does not address the amount of fees to be awarded" (Marchese v Marchese, 185 AD3d 571, 575). "The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (id. at 576; see O'Brien v O'Brien, 66 NY2d 576, 590). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation" (Marchese v Marchese, 185 AD3d at 576; see Blocker v Blocker, 221 AD3d 768, 769).
Here, considering the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party delayed the proceedings or engaged in unnecessary litigation, the Supreme Court providently [*2]exercised its discretion in awarding the defendant an additional $272,000 in counsel fees and declined to award her $368,000 as further reimbursement for counsel fees that she paid to her second attorneys, the Nolletti Law Group, in connection with the action (see Mahoney v Mahoney, 197 AD3d 638, 641; Nieves-Iglesias v Iglesias, 186 AD3d 1234, 1235).
To the extent the plaintiff seeks certain affirmative relief, such request is not properly before this Court, since he failed to cross-appeal from the order appealed from (see Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d 671, 673; Dhar v City of New York, 204 AD3d 976, 977).
CHAMBERS, J.P., BRATHWAITE NELSON, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court